## JANE SUMMAR v. J. W. PAGE et al.

LIABILITY OF CLERK AND MASTER FOR MONEYS LOANED. *Proof of good faith.* A party to whom Clerk and Master loaned money without security at the time, but afterwards took as security the partner of the borrower, and the parties soon afterward failed; *Held,* the circumstances make a cause requiring proof showing clearly and satisfactorily the good faith of the Clerk and Master in the transaction.

FROM CANNON.

Appeal from Chancery Court. B. M. TILLMAN, Ch.

42—VOL. 5.

St. John & Finley for complainant.

Barton & Jones and Cantrell for respondent.

McFarland, J., delivered the opinion of the court.

The question before us is, whether or not there is. error in that part of the decree below holding A. F. McFerrin, former Clerk and Master at Woodbury, liable for a fund loaned by him under the orders of the court, in the event the money cannot be collected from J. W. Page, to whom it was loaned, and Milliken, his surety. As McFerrin alone has appealed, this is the only question.

It appears that Page, to whom the money was loaned, was the son-in-law of McFerrin; that he took no security at the time; but Milliken, a partner of Page in a distillery, afterwards signed the note, Mc-Ferrin presenting the note and urging him to do so; he had been previously spoken to on the subject by Page. McFerrin afterwards bought Page's property, and gave it to his daughter, Page's wife, giving Page a note for part of the price, which was transferred to another.

The circumstances make a case requiring proof upon the part of McFerrin, showing clearly his good faith in the transaction. This proof is wanting. Page proves it is true that he and Milliken were solvent at the time the note was given, but their sudden embarrassment and failure soon after is not satisfactorily explained. The law requires of a public officer of this character the utmost good faith, and this must appear satisfactorily.

Summar *v.* Page.

It is said in argument that the money might have been made after judgment was taken upon the note, but for the interference of the complainant's solicitors, who would not agree to the issuance of execution. But this is not satisfactorily shown, and, in fact, the circumstances do not sustain this conclusion.

The decree against McFerrin was proper. The fund originally belonged, one-third to Ivory Summar, from whom complainant was divorced, and two-thirds to complainant and her children. But the record, we think, shows that Ivory Summar had received his full share, and the whole of the fund loaned to Page belonged to complainant and her children, that is, to complainant during life, and then to her children. The decree, therefore, should be so modified that instead of allowing complainant to recover the fund, it will be paid into court and secured or loaned, so as to give complainant the interest thereon, and secure the body of the fund to her children.

To this end the cause will be remanded. McFerrin will pay the costs of this court.